IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

DHARMESH BHAKTA, et al.,              )
                                      )
                Plaintiffs,           )
                                      )
v.                                    )          Case No. 16-1431-EFM
                                      )
CHOICE HOTELS INTERNATIONAL, INC.,    )
                                      )
                Defendant.            )

## ORDER

Plaintiffs are owners and operators of a Comfort Suites hotel who bring suit against defendant Choice Hotels International, Inc., the franchisor of the Comfort Suites brand. Plaintiffs allege defendant negligently failed to inform them that one of defendant's pre-approved vendors had lost that preferred status, resulting in financial injuries to plaintiffs. Defendant has filed a motion to stay the case and compel arbitration under the parties' franchise agreement (ECF No. 4). Because plaintiffs' claim is within the scope of the arbitration provision in the agreement, the court grants defendant's motion and stays the case pending arbitration.

Plaintiffs allege the following facts in their complaint. In 2012, plaintiffs entered into a franchise agreement with defendant to build and operate a Comfort Suites hotel in Dodge

City, Kansas.[1]  The franchise agreement referenced and incorporated "rules and regulations" regarding defendant's standards and requirements for constructing, equipping, and furnishing the hotel.[2]  Defendant encouraged franchisees to purchase flooring, furniture, fixtures, linens, and related items from a list of "qualified vendors" posted on defendant's website.[3]  Plaintiffs contracted with one such qualified vendor—RMP Designs, LLC—to purchase various interior products necessary to comply with the design standards set by defendant.[4]  After plaintiffs entered the contract with RMP, defendant terminated RMP's "qualified vendor" status.[5]  But defendant did not notify plaintiffs of the change (or otherwise publish the change to its franchisees), and plaintiffs continued to work with RMP.[6]  After plaintiffs made final payment to RMP, but before RMP delivered contracted-for products, RMP ceased operations and filed bankruptcy.[7]  Plaintiffs were forced to purchase the products from other vendors, and the opening of the hotel was delayed by six months.[8]

---

[1]Complaint, ECF No. 1-2 at 3.

[2]*Id.*; *see also*, Franchise Agreement, ECF No. 1-3 at ¶¶ 1(k), 5(a), 6(a).

[3]Complaint, ECF No. 1-2 at 3.

[4]*Id.* at 4.

[5]*Id.*

[6]*Id.* at 5.

[7]*Id.*

[8]*Id.* at 6.

Plaintiffs filed this suit against defendant in the District Court of Ford County, Kansas, alleging defendant had a duty to notify plaintiffs and other franchisees about the termination of RMP as a qualified vendor. Plaintiffs state that had they been notified of the termination, they "never would have completed the contract" with RMP.[9] Plaintiffs seek damages for their lost payment to RMP and for their financial losses resulting from the delayed hotel opening.

Defendant removed the case to this court and immediately filed a motion to stay the case and compel arbitration. Defendant contends arbitration is mandated by paragraph 21 of the franchise agreement which, in relevant part, provides for arbitration of disputes as follows:

> Arbitration. . . . [A]ny controversy or *claim arising out of or relating to this Agreement or any other related agreements,* or the breach of this Agreement or any other related agreements, . . . will be sent to final and binding arbitration.[10]

Plaintiffs contend this arbitration provision is "limited to agreements between the parties" and does not encompass plaintiffs' "wholly independent tort claim" alleged in this case.[11] Respectfully, the court disagrees.

---

[9]*Id.* at 5.

[10]Franchise Agreement, ECF No. 1-3 at ¶ 21 (emphasis added).

[11]ECF No. 9 at 5.

"Under the Federal Arbitration Act ('FAA'),[12] agreements to arbitrate are 'valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract.'"[13]   Thus, federal policy favors arbitration agreements and requires the court to "rigorously enforce" them.[14] On a motion to compel arbitration under the FAA, the court should compel arbitration if it finds (1) a valid arbitration agreement exists between the parties, and (2) the dispute before it falls within the scope of the agreement.[15]

In this case, plaintiffs don't dispute the franchise agreement contains a valid agreement to arbitrate.  Instead, plaintiffs argue that their legal claim against defendant falls outside the scope of the arbitration provision.[16]  Where the existence of a valid arbitration

---

[12]9 U.S.C. §§ 1–3.

[13]*In re Cox Enters., Inc. Set-top Cable Television Box Antitrust Litig.*, 790 F.3d 1112, 1116 (10th Cir. 2015) (quoting 9 U.S.C. § 2), *cert. denied sub nom. Cox Commc'ns, Inc. v. Healy*, 136 S. Ct. 801 (2016).

[14]*Shearson/Am. Express, Inc. v. McMahon*, 482 U.S. 220, 226 (1987); *see also In re Cox*, 790 F.3d at 1116 (quoting *Hill v. Ricoh Ams. Corp.*, 603 F.3d 766, 777 (10th Cir. 2010)).

[15]9 U.S.C. §§ 2–3.  The parties agree that, in the instant circumstances, the question of whether the arbitration provision applies is one for the court.  *See* ECF No. 5 at 3–6, ECF No. 9 at 3.

[16]ECF No. 9 at 1 ("[T]he subject of this action—Plaintiffs' negligence claim—is not covered by the arbitration provision in the Franchise Agreement between the parties.").

agreement is undisputed, courts apply a strong presumption in favor of arbitration.[17]  The court must resolve "any 'doubts concerning the scope of arbitrable issues . . . in favor of arbitration.'"[18]  The presumption "applies with even greater force when . . . a broad arbitration clause is at issue."[19]  The clause at issue here—requiring arbitration of "any controversy or claim arising out of or relating to" the franchise agreement or related agreement[20]—is a "broad" arbitration clause as the Tenth Circuit defines that term.[21]  Thus, the court may find the presumption overcome only if "it may be said with positive assurance that the arbitration clause is not susceptible of an interpretation that covers the asserted dispute."[22]

---

[17]*ARW Expl. Corp. v. Aguirre*, 45 F.3d 1455, 1462 (10th Cir. 1995); *G.W. Van Keppel Co. v. Dobbs Imps., LLC*, No. 14-2236-JAR, 2014 WL 5302974, at *3 (D. Kan. Oct. 15, 2014).

[18]*In re Cox*, 790 F.3d at 1116 (quoting *Nat'l Am. Ins. Co. v. SCOR Reinsurance Co.*, 362 F.3d 1288, 1290 (10th Cir. 2004)).  The court disagrees with plaintiffs' assertion that the presumption of arbitrability *only* applies when the claim implicates issues of contract construction.

[19]*P & P Indus., Inc. v. Sutter Corp.*, 179 F.3d 861, 871 (10th Cir. 1999) (quoting *Shearson Lehman Hutton, Inc. v. Wagoner*, 944 F.2d 114, 121 (2d Cir.1991)).

[20]Franchise Agreement, ECF No. 1-3 at ¶ 21.

[21]*See P & P Indus.*, 179 F.3d at 871 (finding a "broad" arbitration clause where the parties agreed to arbitrate "[a]ny controversy, claim, or breach *arising out of or relating to* this Agreement") (emphasis in original); *see also Brown v. Coleman Co.*, 220 F.3d 1180, 1184 (10th Cir. 2000) (finding an arbitration clause governing "all disputes or controversies arising under or in connection with this Agreement" to be "the very definition of a broad arbitration clause").

[22]*ARW Expl.*, 45 F.3d at 1462.

In plaintiffs' words, they've alleged a "negligence claim . . . that Defendant breached an independent duty owed to them based on Defendant's qualification and subsequent dequalification of [RMP] as a 'qualified vendor.'"[23]   Plaintiffs contend defendant's duty to notify them of the change in RMP's status didn't arise under the franchise agreement, but instead arose because defendant "induced plaintiffs into a contract with [RMP]."[24]   Plaintiffs argue that their dispute is independent of the franchise agreement and therefore not subject to the arbitration provision therein.

Although plaintiffs arguably may be correct that defendant's alleged duty to notify them of the removal of a vendor from defendant's pre-approved list does not "arise out of" the franchise agreement (a question the court need not decide), this argument does not address the broader provision of the arbitration clause requiring arbitration for any claim even "relating to" the franchise agreement or a related agreement.   Plaintiffs' claim is premised on their assertion that they contracted with RMP because the "rules and regulations" explicitly incorporated in the franchise agreement set defendant's requirements for equipping and furnishing the hotel, and encouraged franchisees to work with pre-approved vendors to meet these requirements.[25]   The franchise agreement specifically

---

[23]ECF No. 9 at 1–3.

[24]*Id.* at 4.

[25]Franchise Agreement, ECF No. 1-3 at ¶1(k) ("'Rules and Regulations' means our then-current published rules and regulations, as updated and/or modified by us in our discretion, from time to time (and any supplements) and brand guidelines (including any manuals or policies that we may publish) containing, among other things, our standards and

required plaintiffs to construct and furnish the hotel "according to the Agreement and the Rules and Regulations."[26]  The rules and regulations, according to plaintiffs,[27] "required that plaintiffs either use 'qualified vendors'" to meet defendant's specifications or obtain pre-approval of vendors not on the "qualified vendors" list.[28]  The court has little trouble concluding that plaintiffs' negligence claim arising from defendant's un-noted change to the "qualified vendors" list "relates to" plaintiffs' obligations under the franchise agreement.[29]

The court disagrees with plaintiffs' assertion that to reach this conclusion the court must "read the arbitration clause to require the parties to arbitrate *any* dispute arising between them," such as an assault claim wholly independent from the franchise agreement.[30]  Rather, the court is simply giving effect to the parties' intent that they arbitrate claims "relating to" agreements between them.  The court need not imagine if an assault claim could fall into this

---

requirements for constructing, equipping, furnishing, supplying, operating, maintaining and marketing the Hotel."), ¶6(a) ("You will during the Term . . . Comply with the requirements of this Agreement and the Rules and Regulations, which you acknowledge we may modify and/or update in our sole discretion from time to time.").

[26]*Id.* at ¶ 6(b).

[27]Neither party has supplied the court with a copy of the rules and regulations.

[28]Complaint, ECF No. 1-2 at ¶ 8–9.

[29]*See P & P Indus.*, 179 F.3d at 871 ("[A]ll claims with 'a significant relationship to the [Agreement,] regardless of the label attached' to them, arise out of and are related to the Agreement.") (quoting *Am. Recovery Corp. v. Computerized Thermal Imaging, Inc.*, 96 F.3d 88, 93 (4th Cir. 1996)).

[30]ECF No. 9 at 6 (emphasis added) (citing *Coors Brewing Co. v. Molson Breweries*, 51 F.3d 1511, 1516 (10th Cir. 1995)).

category because the actual claim asserted in this case—a tort claim rooted in the franchise agreement and its incorporated rules and regulations—does.  In a case construing the broad arbitration language at issue here, i.e., "arising out of or relating to this Agreement," the Tenth Circuit ruled that "tort-based claims" are arbitrable if they "arise out of, or relate to, the Agreement."[31]  Such is the situation here.

Applying the presumption of arbitrability, the court cannot say "with positive assurance that the arbitration clause is not susceptible of an interpretation that covers the asserted dispute."[32]  Thus, the court finds in favor of arbitration and grants defendant's motion.  As required by the FAA, the court stays this action pending the arbitration.[33]

IT IS THEREFORE ORDERED that defendant's motion to compel arbitration and stay proceedings is granted, and all proceedings in this matter shall be STAYED pending arbitration of the claim presently asserted by plaintiffs.

IT IS FURTHER ORDERED that this court shall retain jurisdiction to review, modify, or vacate any arbitration awards, should any party choose to seek such action as permitted by the FAA, and shall retain jurisdiction to dismiss this lawsuit if plaintiffs fail to initiate arbitration within **30 days** of the entry of this order.

---

[31]*P & P Indus.*, 179 F.3d at 871.

[32]*ARW Expl.*, 45 F.3d at 1462.

[33]*See* 9 U.S.C. § 3.

IT IS FURTHER ORDERED that the parties shall file a joint status report, not less than once every six months (to begin six months from the date of this order), regarding the progress of the arbitration.

Dated January 10, 2017, at Kansas City, Kansas.

s/ James P. O'Hara
James P. O'Hara
U.S. Magistrate Judge